UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Christopher J. Cafferky,
    Plaintiff,

    v.                                      Civil Action No. 1:09-CV-193

Andrew Pallito,
    Defendant.

## **REPORT AND RECOMMENDATION**
(Docs. 10 and 13)

Plaintiff Christopher Cafferky, proceeding *pro se*, brings this action claiming that the legal resources provided him while he was in prison were inadequate. Pending before the Court is Cafferky's motion for entry of a default judgment against the defendant, Vermont Department of Corrections Commissioner Andrew Pallito. (Doc. 10.) Cafferky has also moved the Court for an extension of time in which to respond to Pallito's pending motion to dismiss, and for the Court to appoint him counsel. (Doc. 13.) The Court will address each motion in turn.

**I.**     **Default Judgment**

Cafferky submitted his complaint and an accompanying motion for leave to proceed *in forma pauperis* on August 21, 2009. The Court subsequently granted the *in forma pauperis* motion and ordered service to be accomplished by the U.S. Marshals. Commissioner Pallito was served via waiver in his official capacity on November 23, 2009, and in his individual capacity on December 11, 2009. (Doc. 12 at 2-3.) Accordingly, his answer was due, at the earliest, 60 days from November 23, 2009.

Cafferky moved for a default judgment on January 7, 2010, claiming that Pallito's answer was due 30 days, and not 60 days, after service by waiver. (Doc. 10.) The motion cites no legal authority. Pursuant to Fed. R. Civ. P. 4(d)(3), "[a] defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent . . . ." Commissioner Pallito returned the waiver of service form in a timely manner, and filed a motion to dismiss within 60 days after the request for waiver of service was sent. Cafferky's motion for a default judgment is therefore misplaced, and should be DENIED.

## II.   Motion For Extension Of Time

The defendant filed his motion to dismiss on January 15, 2010. On February 12, 2010, Cafferky filed a motion seeking extra time in which to respond. (Doc. 13.) In support of his motion, Cafferky alleges that on the same day the motion to dismiss was filed he was "taken into custody, chained, shackled, deprived medication, shoes, any communication to family and cited with a furlough violation . . . ." (Doc. 13-1 at 1.) Although Cafferky appears to have been released soon thereafter, he asks the Court to view the incident as "an attempt to impede my ability to continue in any timely or productive manner." *Id.*

The Court offers no opinion with respect to Cafferky's claim that he was mistreated. However, given that the deadline for responding to the motion to dismiss has passed, the Court will allow him a brief extension of time in which to submit a response. Cafferky's motion for extension of time is therefore GRANTED, and any response to

Commissioner Pallito's motion to dismiss shall be filed on or before March 19, 2010.

### III. Motion For Appointment Of Counsel

Cafferky has also moved the Court to appoint him counsel. (Doc. 13.) He contends that the defendant has "unlimited resources" and access to "Vermonts [sic] finest legal minds . . . as well as a full staff," while his own time and resources are limited. Cafferky is not currently incarcerated.

It is well-settled that there is no constitutional right to appointed counsel in civil cases. *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g., Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d at 1260. The factors to be considered in deciding whether or not to assign counsel include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment of counsel carefully, because

"every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks,* 114 F.3d at 392, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Cafferky's complaint alleges that the legal materials made available to him during his incarceration were inadequate. As the defendant notes in his motion to dismiss, however, there is no allegation the Commissioner was involved in the alleged deprivation, or that Cafferky suffered any actual injury. Sovereign immunity almost certainly bars any claim for damages against the Commissioner in his official capacity, and claims for injunctive relief may be moot now that Cafferky is no longer incarcerated. In light of these considerations, the Court finds that the complaint does not merit the appointment of counsel at this time.

Furthermore, even assuming that the complaint has sufficient merit, the remaining factors do not call for the appointment of counsel. With respect to the "crucial facts," all relevant events involved Cafferky himself, thereby dispensing with the need for extensive investigation. The need for cross-examination is not yet clear. As to the legal issues, the

4

adequacy of legal materials presents a reasonably straightforward constitutional question. Finally, the Court finds no "special reasons why appointment of counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 62. Cafferky's motion for appointment of counsel (Doc. 13) is therefore DENIED.

**IV.    Conclusion**

Accordingly, for the reasons set forth above, I recommend that Cafferky's motion for default judgment (Doc. 10) be DENIED. Cafferky's motion for appointment of counsel (Doc. 13) is DENIED, and his motion for extension of time (Doc. 13) is GRANTED. Cafferky shall respond to Commissioner Pallito's motion to dismiss on or before March 19, 2010.

Dated at Burlington, in the District of Vermont, this 26th day of February, 2010.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* Local Rules 72(a), 72(c), 73; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(d).